# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

| DEFENDANTS |
| --- |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

❑ 1  U.S. Government
       Plaintiff

❑ 3  Federal Question
       *(U.S. Government Not a Party)*

❑ 2  U.S. Government
       Defendant

❑ 4  Diversity
       *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
| --- | --- | --- | --- | --- | --- |
| Citizen of This State | ❑ 1 | ❑ 1 | Incorporated *or* Principal Place of Business In This State | ❑ 4 | ❑ 4 |
| Citizen of Another State | ❑ 2 | ❑ 2 | Incorporated *and* Principal Place of Business In Another State | ❑ 5 | ❑ 5 |
| Citizen or Subject of a Foreign Country | ❑ 3 | ❑ 3 | Foreign Nation | ❑ 6 | ❑ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
| --- | --- | --- | --- | --- | --- |
| ❑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❑ 625 Drug Related Seizure of Property 21 USC 881 | ❑ 422 Appeal 28 USC 158 | ❑ 375 False Claims Act |
| ❑ 120 Marine | ❑ 310 Airplane | ❑ 365 Personal Injury - Product Liability | ❑ 690 Other | ❑ 423 Withdrawal 28 USC 157 | ❑ 376 Qui Tam (31 USC 3729(a)) |
| ❑ 130 Miller Act | ❑ 315 Airplane Product Liability | ❑ 367 Health Care/ Pharmaceutical | | | ❑ 400 State Reapportionment |
| ❑ 140 Negotiable Instrument | ❑ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ❑ 410 Antitrust |
| ❑ 150 Recovery of Overpayment & Enforcement of Judgment | ❑ 330 Federal Employers' Liability | Product Liability | | ❑ 820 Copyrights | ❑ 430 Banks and Banking |
| ❑ 151 Medicare Act | ❑ 340 Marine | ❑ 368 Asbestos Personal Injury Product | | ❑ 830 Patent | ❑ 450 Commerce |
| ❑ 152 Recovery of Defaulted Student Loans | ❑ 345 Marine Product Liability | Liability | | ❑ 835 Patent - Abbreviated New Drug Application | ❑ 460 Deportation |
| (Excludes Veterans) | ❑ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ❑ 840 Trademark | ❑ 470 Racketeer Influenced and Corrupt Organizations |
| ❑ 153 Recovery of Overpayment of Veteran's Benefits | ❑ 355 Motor Vehicle Product Liability | ❑ 370 Other Fraud | ❑ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ❑ 480 Consumer Credit |
| ❑ 160 Stockholders' Suits | ❑ 360 Other Personal | ❑ 371 Truth in Lending | ❑ 720 Labor/Management | ❑ 861 HIA (1395ff) | ❑ 485 Telephone Consumer Protection Act |
| ❑ 190 Other Contract | Injury | ❑ 380 Other Personal Property Damage | Relations | ❑ 862 Black Lung (923) | ❑ 490 Cable/Sat TV |
| ❑ 195 Contract Product Liability | ❑ 362 Personal Injury - Medical Malpractice | ❑ 385 Property Damage Product Liability | ❑ 740 Railway Labor Act | ❑ 863 DIWC/DIWW (405(g)) | ❑ 850 Securities/Commodities/ Exchange |
| ❑ 196 Franchise | | | ❑ 751 Family and Medical Leave Act | ❑ 864 SSID Title XVI | ❑ 890 Other Statutory Actions |
| | | | ❑ 790 Other Labor Litigation | ❑ 865 RSI (405(g)) | ❑ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❑ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ❑ 893 Environmental Matters |
| ❑ 210 Land Condemnation | ❑ 440 Other Civil Rights | **Habeas Corpus:** | | ❑ 870 Taxes (U.S. Plaintiff or Defendant) | ❑ 895 Freedom of Information Act |
| ❑ 220 Foreclosure | ❑ 441 Voting | ❑ 463 Alien Detainee | | ❑ 871 IRS—Third Party 26 USC 7609 | ❑ 896 Arbitration |
| ❑ 230 Rent Lease & Ejectment | ❑ 442 Employment | ❑ 510 Motions to Vacate Sentence | | | ❑ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ❑ 240 Torts to Land | ❑ 443 Housing/ Accommodations | ❑ 530 General | | | |
| ❑ 245 Tort Product Liability | ❑ 445 Amer. w/Disabilities - Employment | ❑ 535 Death Penalty | **IMMIGRATION** | | ❑ 950 Constitutionality of State Statutes |
| ❑ 290 All Other Real Property | ❑ 446 Amer. w/Disabilities - Other | **Other:** | ❑ 462 Naturalization Application | | |
| | ❑ 448 Education | ❑ 540 Mandamus & Other | ❑ 465 Other Immigration Actions | | |
| | | ❑ 550 Civil Rights | | | |
| | | ❑ 555 Prison Condition | | | |
| | | ❑ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

❑ 1  Original
       Proceeding

❑ 2  Removed from
       State Court

❑ 3  Remanded from
       Appellate Court

❑ 4  Reinstated or
       Reopened

❑ 5  Transferred from
       Another District
       *(specify)*

❑ 6  Multidistrict
       Litigation -
       Transfer

❑ 8  Multidistrict
       Litigation -
       Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

❑ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    ❑ Yes    ❑No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**   **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**   **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; NOTE: federal question actions take precedence over diversity cases.)**

**III.**   **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**   **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| A.H. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| ROOSEVELT INN, et al. | : | |
| | : | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants.  (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      ( X )

| | |
|---|---|
| **August 31, 2021** | **Charles W. Spitz, Esquire** |
| **Date** | **Attorney-at-law** |
| | **Attorney for Defendants,** |
| | **4200 Roosevelt LLC,** |
| | **4200 Rose Hospitality LLC d/b/a Days Inn,** |
| | **and Days Inn** |
| | |
| **(215) 587-1100** | **(215) 320-4765** |
| **Telephone** | **FAX Number** |

**E-Mail Address:** cspitz@postschell.com

**(Civ. 660) 10/02**
22667691v1

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases

involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

22667691v1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __A.H. c/o A. Avringian, 1650 Market St., 52nd Fl., Philadelphia, PA 19103__

Address of Defendant: _____ See attached _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

**RELATED CASE, IF ANY:**

Case Number: __2:21-cv-3277-GEKP__    Judge: __Hon. Gene E.K. Pratter__    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

| | | |
|---|---|---|
| 1. | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☑  No ☐ |
| 2. | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐  No ☑ |
| 3. | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? | Yes ☐  No ☑ |
| 4. | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐  No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __08/31/2021__        *Charles W. Spitz*        __81192__
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

| A. | Federal Question Cases: | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|
| ☐ 1. | Indemnity Contract, Marine Contract, and All Other Contracts | ☐ 1. | Insurance Contract and Other Contracts |
| ☐ 2. | FELA | ☐ 2. | Airplane Personal Injury |
| ☐ 3. | Jones Act-Personal Injury | ☐ 3. | Assault, Defamation |
| ☐ 4. | Antitrust | ☐ 4. | Marine Personal Injury |
| ☐ 5. | Patent | ☐ 5. | Motor Vehicle Personal Injury |
| ☐ 6. | Labor-Management Relations | ☐ 6. | Other Personal Injury *(Please specify):* ____ |
| ☐ 7. | Civil Rights | ☐ 7. | Products Liability |
| ☐ 8. | Habeas Corpus | ☐ 8. | Products Liability – Asbestos |
| ☐ 9. | Securities Act(s) Cases | ☐ 9. | All other Diversity Cases |
| ☐ 10. | Social Security Review Cases | | *(Please specify):* _____ |
| ☒ 11. | All other Federal Question Cases *(Please specify):* __Bankruptcy__ | | |

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Charles W. Spitz_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __8/31/21__        *Charles W. Spitz*        __81192__
                          *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| A.H., | |
| Plaintiff, | Case No.: |
| v. | |
| ROOSEVELT INN, LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC. D/B/A ALPHA CENTURY SECURITY, INC., ALPHA CENTURY SECURITY, INC., WYNDHAM HOTEL COMPANY D/B/A RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. D/B/A RAMADA INN, WYNDHAM HOTELS AND RESORTS, LLC D/B/A RAMADA INN, 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC D/B/A DAYS INN, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC D/B/A DAYS INN, WYNDHAM HOTEL COMPANY D/B/A/ DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC D/B/A DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC D/B/A DAYS INN, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM D/B/A DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTELS AND RESORTS, INC., and WYNDHAM HOTEL MANAGEMENT, INC., | |
| Defendants, | |
| v. | |
| ELTON CROMWELL, and JOHN GUERRA, | |
| Additional Defendants, | |

v.

EIGHTY EIGHT, LP,

Additional Defendant/Cross Claimant.

### CERTIFICATE OF SERVICE

I, Joel H. Feigenbaum, Esquire, hereby state that a true and correct copy of the foregoing *NOTICE OF REMOVAL*, was served via the United States District Court for the Eastern District of Pennsylvania E-Filing System, at time of acceptance by the Prothonotary's Office and Electronic Mail, on the date set forth below upon all known counsel and parties as follows:

Ara R. Avrigian, Esquire
K. Andrew Heinold, Esquire
Saltz, Mongeluzzi & Bendesky, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Attorneys for Plaintiff

Nathan P. Heller, Esquire
Matthew A. Goldberg, Esquire
Haley D. Torrey, Esquire
DLA Piper LLP *US
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Attorneys for Defendants,
Wyndham Worldwide Corporation n/k/a Wyndham Destinations, Inc., Wyndham Hotels &
Resorts, Inc., incorrectly named as Wyndham Hotels and Resorts, Inc., Wyndham Hotel
Management, Inc., Wyndham Hotels and Resorts, LLC, incorrectly named as Wyndham Hotels
& Resorts, LLC n/k/a Wyndham Franchisor LLC and Wyndham Hotel Group, LLC

Denise Brinker Bense, Esquire
Cozen O'Connor
200 Four Falls Corporate Center
Suite 400
West Conshohocken, PA 19428
and
Jacqueline Promislo, Esquire
Cozen O'Connor
1650 Market Street
Philadelphia, PA 19103
Attorneys for Defendant,
Alpha Centurion Security, Inc.

2

Alexander R. Bilus, Esquire
Carolyn M. Toll, Esquire
Saul Ewing Arnstein & Lehr LLP
1500 Market St., 38th Floor
Center Square West
Philadelphia, PA 19102
Attorneys for Additional Defendant Eighty Eight, L.P.

**<u>And via first-class U.S. mail upon:</u>**

Surati Management Group
121 Drew Drive
Langhorne, PA 19053
Defendant

Elton Cromwell
17 Catherine Street, Apt. 1
Schenectady, NY 12307
Additional Defendant

**POST & SCHELL, P.C.**

By: _____

Dated: August 31, 2021

BY:  CHARLES W. SPITZ, ESQUIRE
E-MAIL: cspitz@postschell.com
I.D. # 81192
JOEL H. FEIGENBAUM, ESQUIRE
E-MAIL: jfeigenbaum@postschell.com
I.D. # 315866
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103-2808
215-587-1000

22669776v1

3

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| A.H.,<br><br>      Plaintiff,<br><br>v.<br><br>ROOSEVELT INN, LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC. D/B/A ALPHA CENTURY SECURITY, INC., ALPHA CENTURY SECURITY, INC., WYNDHAM HOTEL COMPANY D/B/A RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. D/B/A RAMADA INN, WYNDHAM HOTELS AND RESORTS, LLC D/B/A RAMADA INN, 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC D/B/A DAYS INN, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC D/B/A DAYS INN, WYNDHAM HOTEL COMPANY D/B/A/ DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC D/B/A DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC D/B/A DAYS INN, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM D/B/A DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTELS AND RESORTS, INC., and WYNDHAM HOTEL MANAGEMENT, INC.,<br><br>      Defendants,<br><br>v.<br><br>ELTON CROMWELL, and JOHN GUERRA,<br><br>      Additional Defendants, | Case No.: |

v.

EIGHTY EIGHT, LP,

Additional Defendant/Cross Claimant.

## NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1452

Defendants 4200 Roosevelt LLC, 4200 Rose Hospitality LLC d/b/a Days Inn, and Days Inn (collectively "Days Inn Defendants" or "Removing Defendants"), hereby remove certain claims and causes of action (the "Claims") from a pending civil action in the Court of Common Pleas, Philadelphia County, *A.H. v. Roosevelt Inn, LLC*, Case ID No. 200102954, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§ 1334 and 1452(a), and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The Claims being removed pursuant to this Notice of Removal are only those claims against the Removing Defendants by Plaintiff, A.H. (the "Plaintiff").[1]  In support of this Notice of Removal, the Removing Defendants state as follows:

## BACKGROUND

1.      Roosevelt Inn, LLC ("Roosevelt Inn") operates a hotel property in Northeast Philadelphia, Pennsylvania. *See* Case No. 2:21-cv-03277 at ECF Doc. No. 1, ¶ 1. Roosevelt Motor Inn, Inc. ("Roosevelt Motor Inn") holds title to the hotel property. *Id.*

2.      On January 24, 2020, Plaintiff commenced the Civil Action by filing a Complaint (the "Complaint") in the Court of Common Pleas, Philadelphia County (the "State Court") against

---

[1] On July 22, 2021, Roosevelt Inn, LLC and Roosevelt Motor Inn, Inc. (collectively, the "Debtors") filed a *Notice of Removal Pursuant to 28 U.S.C.§ 1452* (the "Roosevelt Defendants Notice of Removal") removing certain claims and cross-claims related to the Debtors in the Civil Action (defined below) to this Court and requesting that such claims be referred to the Bankruptcy Court.  The claims and cross-claims removed by the Debtors are currently pending before this Court as Case No. 2:21-cv-03277. *See* Case No. 2:21-cv-03277 at ECF Doc. No. 1.

On August 2, 2021, Defendants Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, Wyndham Worldwide Corporation (n/k/a Travel + Leisure Co.), Wyndham Hotel Group, LLC, and Wyndham Hotels and Resorts, Inc. filed a *Notice of Removal Pursuant to 28 U.S.C.§ 1452* (the "Wyndham Defendants Notice of Removal") removing certain claims and cross-claims. *See* Case 2:21-cv-03430 at ECF Doc. No. 1.

Removing Defendants, (the "Civil Action"). *See A.H. v. Roosevelt Inn, LLC*, Case ID No. 200102954; *see also* Case No. 2:21-cv-03277 at ECF Doc. Nos. 1, ¶ 2 and 1-4, p. 17. In the Complaint, Plaintiff asserts common law personal injury tort claims and statutory causes of action against the defendants in the Civil Action stemming from their alleged failure to prevent Plaintiff from being sex trafficked at several hotels allegedly owned, operated, or serviced by the Civil Action defendants. *See* Case No. 2:21-cv-03277 at ECF Doc. Nos. 1, ¶ 2 and 1-4, p. 17.

3.      On June 16, 2021 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court"). *See* Case Nos. 21-11697-amc and 21-11698-amc; *see also* Case No. 2:21-cv-03277 at No. 1, ¶ 6.

4.      The Debtors' chapter 11 cases are jointly administered under the caption *In re Roosevelt Inn, LLC*, Case No. 21-11697 (collectively the "Chapter 11 Cases"). *See* Case No. 21-11697 at ECF Doc. No. 26; *see also* Case No. 2:21-cv-03277 at No. 1, ¶ 7. The Chapter 11 Cases are pending before United States Bankruptcy Judge Ashely M. Chan.

5.      Consistent with 28 U.S.C. § 157(a), this Court has issued Standing Orders dated July 25, 1984, November 8, 1990, and June 29, 1992 (the "Standing Orders of Reference") providing for an "automatic reference" of, *inter alia*, all proceedings related to cases under the Bankruptcy Code to the Bankruptcy Court, where the Chapter 11 Cases are now pending. *See* 28 U.S.C. § 157(a).

6.      However, 28 U.S.C. § 157(b)(2)(B) specifically excludes from the definition of "core proceedings" "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." *See* 28 U.S.C. § 157(b)(2)(B).

7.      Pursuant to 28 U.S.C. § 157(b)(5), this Court has the exclusive authority to fix venue of personal injury tort claims, including those asserted in the Claims and the Pending Tort Actions, which are related to the Debtors' bankruptcy proceedings. *See* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending."); *see also* 1 Collier on Bankruptcy ¶ 3.06 (Richard Levin & Henry J. Sommer eds. 16 ed.) ("Section 157(b)(5) provides that the venue of the trial is to be determined by the district court in which the title 11 case is pending. This unusual, perhaps unique, provision empowers a court other than that in which the litigation is pending to decide where the trial is to take place.").

8.      Consistent with the purpose of 28 U.S.C. § 157(b)(5), the Removing Defendants seek to consolidate the Pending Tort Claims before this Court as this is the district where the Chapter 11 Cases are pending, to allow for an efficient and equitable resolution of all Pending Tort Claims - particularly since the Debtors have already removed certain claims and cross-claims related to the Debtors in the Civil Action. *See Coker v. Pan Am. Corp. (In re Pan Am. Corp.)*, 950 F.2d 839, 845 (2d Cir. 1991) ("[T]he manifest purpose of section 157(b)(5) was 'to centralize the administration of the estate and to eliminate the multiplicity of forums for the adjudication of parts of the bankruptcy case.'" (*quoting A.H. Robbins Co. v. Picinnin*, 788 F.2d 994, 1011 (4th Cir. 1986)); *Hopkins v. Plant Insulation Co.*, 342 B.R. 703, 716 (D.Del. 2006) ("The purpose of Section 157(b)(5) is to centralize the administration of the bankruptcy estate and eliminate having multiple forums adjudicate different parts of the bankruptcy case.").

22667375v1

9.     By this Notice of Removal, the Removing Defendants hereby remove the Claims from the State Court to this Court. Removal of the Claims is proper pursuant to 28 U.S.C. § 1334 and 1452(a).

## **GROUNDS FOR REMOVAL**

10.     Removal of the Claims is proper pursuant to 28 U.S.C. §§ 1334 and 1452(a).

11.     Section 1452(a), which governs the removal of civil actions related to a bankruptcy case, such as those asserted in the Civil Action, states, "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a)

12.     Section 1334(b), in turn, provides in relevant part that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11." *See* 28 U.S.C. § 1334(b). In enacting section 1334(b), "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995). Jurisdiction over a proceeding that is "related to" a bankruptcy case is the "broadest of the potential paths to bankruptcy jurisdiction." *Binder v. Price Waterhouse & Co. (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 163 (3d Cir. 2004); *see also SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) ("While 'related-to' jurisdiction is not limitless, it is fairly capacious . . . ." (internal citations omitted)); *Coen v. Stutz (In re CDC Corp.)*, 610 F. App'x 918, 921 (11th Cir. 2015) ("This 'related to' jurisdiction is 'extremely broad.'") (internal quotation omitted)); *Boston Regional Med. Ctr., Inc. v. Reynolds (In re Boston Regional Med. Ctr., Inc.)*, 410 F.3d 100, 106 (1st Cir. 2005) ("The statutory grant of 'related to' jurisdiction is quite broad."); *Sasson v. Sokoloff (In re*

*Sasson)*, 424 F.3d 864, 868 (9th Cir. 2005) ("A bankruptcy court's 'related to' jurisdiction is very broad, including nearly every matter directly or indirectly related to the bankruptcy." (internal quotations omitted)); *Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 482, 489 (6th Cir. 1996) ([T]he emphatic terms in which the jurisdictional grant is described in the legislative history, and extraordinarily broad wording of the grant itself, leaves us with no doubt that Congress intended to grant district court broad jurisdiction in bankruptcy cases."); *Coffey v. Anderson (In re PSLJ, Inc.)*, 873 F.2d 1440 (table) (4th Cir. 1989) ("We have recognized that a bankruptcy court has broad jurisdiction over proceedings arising in or related to a title 11 case.").

13.     An action is "related to" a bankruptcy case where its outcome "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1994). An action satisfies the "conceivable effect" test "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.* The Third Circuit has further clarified that such effects on the bankruptcy estate must be the product of the related actions itself, "without the intervention of yet another lawsuit." *See In re Federal-Mogul Corp.*, 300 F.3d 368, 382 (3d Cir. 2002).

14.     Furthermore, in the context of a non-debtor co-defendant's request to remove an action from a state court to the federal district in which the debtor co-defendant's bankruptcy case is pending, 28 U.S.C. § 157(b)(5):

> Should be read to allow a district court to fix venue for cases pending against nondebtor defendants which are "related to" a debtor's bankruptcy proceedings pursuant to Section 1334(b). This approach will further the prompt, fair, and complete resolution of all claims "related to" bankruptcy proceedings, and harmonize Section

1334(b)'s broad jurisdictional grant with the oft-stated goal of centralizing the administration of a bankruptcy estate.

*Lindsey v. O'Brien, Tanski, Tanzer and Young Health Care Providers of Conn. (In re Dow Corning Corp.)*, 86 F.3d 482, 497 (6th Cir. 1996).

15.     The Claims arise in, under, or are otherwise related to the Debtors' Chapter 11 Cases and are therefore removable under 28 U.S.C. § 1452(a) because, inter alia:

a.      The claims and allegations in the Complaint against the Removing Defendants are inextricably intertwined with the claims and allegations against the Debtors such that the Claims are related to the Debtors' Chapter 11 Cases. The claims and allegations in Plaintiff's Complaint arise out of an alleged common nucleus of operative facts and raise substantially similar questions of law. As one consequence, the Debtors may be compelled to participate in the litigation, notwithstanding the automatic stay, to protect its own interests. *See Union Tr. Phila. LLC v. Singer Equip. Co. (in re Union Tr. Phila., LLC)*, 490 B.R. 644, 657 (E.D. Pa. 2011) (finding related to jurisdiction over state law claims against nondebtors where the debtor was at risk of being "bound to critical factual and legal issues determined in those proceedings by operation of collateral estoppel"); *see also In re Dow Corning Corp.*, 86 F.3d 482, 488 (6th Cir. 1996), *as amended on denial of reh'g and reh'g en banc* (June 3, 1996) (alteration added) ("potential for [debtor]'s being held liable to the nondebtors in claims for contribution and indemnification, or vice versa, suffices to establish a conceivable impact on the estate in bankruptcy"); *Davis v. Merv Griffin Co.*, 128 B.R. 78, 96 (D.N.J. 1991) (claims were related to bankruptcy proceeding since debtor may have a contractual obligation to indemnify nondebtor and nondebtor submitted a copy of a proof of claim for indemnification against the debtor); *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 318–19 (S.D.N.Y. 2003) (alteration added) (observing that "[s]everal Circuit Courts of Appeals have also found jurisdiction over third party litigation based on an indemnification or contribution claim that has a conceivable effect on the debtor's estate"); *In re Nat'l Century Fin. Enterprises, Inc., Inv. Litig.*, 497 F. App'x 491 (6th Cir. 2012) (holding that nondebtor's "potential claims for indemnification and contribution against bankruptcy estate" could have "requisite conceivable effect on [the bankrupt] estate, such that bankruptcy court had 'related-to' jurisdiction over [the nondebtor's] claims[.]"); and

b.      In at least one instance, the Plaintiff seeks joint and several liability against both the Removing Defendants and the Debtors, among others. A ruling by the State Court finding that the Removing Defendants are liable to the

> Plaintiff would undoubtedly affect assets of the Debtors' estates arising from such joint and several liability. *See, e.g.*, *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) (finding "related to" jurisdiction where the "gravamen of [plaintiff's] complaint is that defendants are joint tortfeasors with [the debtor entities], which, if proven, would provide defendants with a putative contribution claim, to be asserted in the bankruptcy proceedings.").

16.     Accordingly, the Claims as against the Removing Co-Defendants are properly removed to this Court.

## PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

17.     The time in which the Removing Defendants may remove the Claims to this Court has not expired pursuant to Bankruptcy Rule 9027(a)(2), as the Civil Action was commenced prior to the Petition Date and no order has been entered in the Chapter 11 Cases terminating the automatic stay with respect to any claim against the Debtors.

18.     Venue in this Court is proper pursuant to Bankruptcy Rule 9027(a)(1). The State Court is located in this district and in the division of the Bankruptcy Court.

19.     Pursuant to Bankruptcy Rule 9027(a)(1), removal is proper to the District Court where the Claims are pending. *See* Fed. R. Bankr. 9027(a)(1).

20.     In accordance with Bankruptcy Rule 9027(a)(1), filed with this Notice of Removal are copies of the State Court docket, the process and the pleadings of the State Court Civil Action. *See* Exhibits 1 and 2.

21.     As set forth above, this Court has subject matter jurisdiction over the Claims pursuant to 28 U.S.C. § 1334(b) because the Claims arise in and are related to the Chapter 11 Cases.

22.     The Claims constitute a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), as they arise in and relate to matters which relate to property of the Debtors' estates under section

22667375v1

541 of the Bankruptcy Code and effect the administration of the estates. However, the liquidation of the underlying personal injury tort claims against the estate are not core proceedings. See 28 U.S.C. § 157(b)(2)(B).

23.     Section 157(b) states that "[t]he district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim rose, as determined by the district court in which the bankruptcy case is pending." 28 U.S.C. § 157(b). However, should the court determine that section 157(b) does not apply, the Removing Co-Defendants consent to the entry of final orders or judgment by the Bankruptcy Court in connection with the liquidation of the personal injury tort claims.

24.     Promptly after the filing of this Notice of Removal, the Removing Defendants will serve on all parties to the Civil Action and file with the clerk of the State Court a copy of this Notice of Removal in accordance with Bankruptcy Rules 9027(b) and (c).

25.     The Removing Defendants reserve the right to amend or supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove the Claims.

POST & SCHELL, P.C.

By: _____

Dated: August 31, 2021

BY:  CHARLES W. SPITZ, ESQUIRE
E-MAIL: cspitz@postschell.com
I.D. # 81192
JOEL H. FEIGENBAUM, ESQUIRE
E-MAIL: jfeigenbaum@postschell.com
I.D. # 315866
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103-2808
215-587-1000

9

22667375v1

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| A.H., | |
|       Plaintiff, | Case No.: |
| v. | |
| ROOSEVELT INN, LLC D/B/A ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UFVS MANAGEMENT COMPANY, LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC. D/B/A ALPHA CENTURY SECURITY, INC., ALPHA CENTURY SECURITY, INC., WYNDHAM HOTEL COMPANY D/B/A RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. D/B/A RAMADA INN, WYNDHAM HOTELS AND RESORTS, LLC D/B/A RAMADA INN, 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC D/B/A DAYS INN, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC D/B/A DAYS INN, WYNDHAM HOTEL COMPANY D/B/A/ DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC D/B/A DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC D/B/A DAYS INN, DAYS INN, SURATI MANAGEMENT GROUP, DAYS INN BY WYNDHAM D/B/A DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTELS AND RESORTS, LLC, WYNDHAM HOTELS AND RESORTS, INC., and WYNDHAM HOTEL MANAGEMENT, INC., | |
|       Defendants, | |
| v. | |
| ELTON CROMWELL, and JOHN GUERRA, | |
|       Additional Defendants, | |

22669776v1

v.

EIGHTY EIGHT, LP,

Additional Defendant/Cross Claimant.

## CERTIFICATE OF SERVICE

I, Joel H. Feigenbaum, Esquire, hereby state that a true and correct copy of the foregoing *NOTICE OF REMOVAL*, was served via the United States District Court for the Eastern District of Pennsylvania E-Filing System, at time of acceptance by the Prothonotary's Office and Electronic Mail, on the date set forth below upon all known counsel and parties as follows:

Ara R. Avrigian, Esquire
K. Andrew Heinold, Esquire
Saltz, Mongeluzzi & Bendesky, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Attorneys for Plaintiff

Nathan P. Heller, Esquire
Matthew A. Goldberg, Esquire
Haley D. Torrey, Esquire
DLA Piper LLP *US
One Liberty Place
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Attorneys for Defendants,
Wyndham Worldwide Corporation n/k/a Wyndham Destinations, Inc., Wyndham Hotels &
Resorts, Inc., incorrectly named as Wyndham Hotels and Resorts, Inc., Wyndham Hotel
Management, Inc., Wyndham Hotels and Resorts, LLC, incorrectly named as Wyndham Hotels
& Resorts, LLC n/k/a Wyndham Franchisor LLC and Wyndham Hotel Group, LLC

Denise Brinker Bense, Esquire
Cozen O'Connor
200 Four Falls Corporate Center
Suite 400
West Conshohocken, PA 19428
and
Jacqueline Promislo, Esquire
Cozen O'Connor
1650 Market Street
Philadelphia, PA 19103
Attorneys for Defendant,
Alpha Centurion Security, Inc.

2

Alexander R. Bilus, Esquire
Carolyn M. Toll, Esquire
Saul Ewing Arnstein & Lehr LLP
1500 Market St., 38th Floor
Center Square West
Philadelphia, PA 19102
Attorneys for Additional Defendant Eighty Eight, L.P.

**<u>And via first-class U.S. mail upon:</u>**

Surati Management Group
121 Drew Drive
Langhorne, PA 19053
Defendant

Elton Cromwell
17 Catherine Street, Apt. 1
Schenectady, NY 12307
Additional Defendant

**POST & SCHELL, P.C.**

By: _____

Dated: August 31, 2021

BY:  CHARLES W. SPITZ, ESQUIRE
E-MAIL: cspitz@postschell.com
I.D. # 81192
JOEL H. FEIGENBAUM, ESQUIRE
E-MAIL: jfeigenbaum@postschell.com
I.D. # 315866
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103-2808
215-587-1000

3

22669776v1

**<u>EXHIBIT 1</u>**

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**JANUARY 2020**

E-Filing Number: 2001058525

**002954**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| A H | ROOSEVELT INN, LLC, ALIAS: D/B/A ROOSEVELT INN |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| 1650 MARKET STREET, 52ND FLOOR<br>PHILADELPHIA PA 19103 | 7600 ROOSEVELT BOULEVARD<br>PHILADELPHIA PA 19152 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ROOSEVELT MOTOR INN, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 7600 ROOSEVELT BOULEVARD<br>PHILADELPHIA PA 19152 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | UVFS MANAGEMENT COMPANY, LLC |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 287 BOWMAN AVENUE<br>PURCHASE NY 10577 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 22 | ☒ Complaint   ☐ Petition Action   ☐ Notice of Appeal<br>☐ Writ of Summons   ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

CASE TYPE AND CODE

2O - PERSONAL INJURY - OTHER

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

JAN **24** 2020

**A. SILIGRINI**

IS CASE SUBJECT TO
COORDINATION ORDER?

YES     NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: A H

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| ROBERT J. MONGELUZZI | ONE LIBERTY PLACE 52ND  FLOOR<br>1650 MARKET ST.<br>PHILADELPHIA PA 19103 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (215)496-8282 | (215)496-0999 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 36283 | VSmith@smbb.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *ROBERT MONGELUZZI* | Friday, January 24, 2020, 03:51 pm |

**COMPLETE LIST OF DEFENDANTS:**

1. ROOSEVELT INN, LLC
   ALIAS: D/B/A ROOSEVELT INN
   7600 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19152
2. ROOSEVELT MOTOR INN, INC.
   7600 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19152
3. UVFS MANAGEMENT COMPANY, LLC
   287 BOWMAN AVENUE
   PURCHASE NY 10577
4. YAGNA PATEL
   7600 ROOSEVELT BOULEVARD
   PHILADELPHIA PA 19152
5. ALPHA-CENTURION SECURITY, INC.
   ALIAS: D/B/A ALPHA CENTURY SECURITY, INC.
   3720 WEST CHESTER PIKE
   NEWTOWN SQUARE PA 19073
6. ALPHA CENTURY SECURITY, INC.
   3720 WEST CHESTER PIKE
   NEWTOWN SQUARE PA 19073
7. WYNDHAM HOTEL COMPANY
   ALIAS: D/B/A RAMADA INN
   C/O CT COPORATION SYSTEM 600 N. SECOND STREET, STE. 401
   HARRISBURG PA 17101
8. WYNDHAM HOTEL MANAGEMENT, INC.
   ALIAS: D/B/A RAMADA INN
   22 SYLVAN WAY
   PARSIPPANY NJ 07054
9. WYNDHAM HOTELS AND RESORTS, LLC
   ALIAS: D/B/A RAMADA INN
   22 SYLVAN WAY
   PARSIPPANY NJ 07054
10. 4200 ROOSEVELT LLC AND 4200 ROOSEVELT LLC
    ALIAS: D/B/A DAYS INN
    4200 ROOSEVELT BOULEVARD
    PHILADELPHIA PA 19124
11. 4200 ROSE HOSPITALITY LLC AND 4200 ROSE HOSPITALITY LLC
    ALIAS: D/B/A/ DAYS INN
    4200 ROOSEVELT BOULEVARD
    PHILADELPHIA PA 19124
12. WYNDHAM HOTEL COMPANY
    ALIAS: D//B/A DAYS INN
    22 SYLVAN WAY
    PARSIPPANY NJ 07054
13. WYNDHAM HOTEL MANAGEMENT, INC.
    ALIAS: D/B/A DAYS INN
    22 SYLVAN WAY
    PARSIPPANY NJ 07054
14. WYNDHAM HOTELS AND RESORTS, LLC
    ALIAS: D/B/A DAYS INN
    22 SYLVAN WAY
    PARSIPPANY NJ 07054
15. DAYS INN
    4200 ROOSEVELT BOULEVARD
    PHILADELPHIA PA 19124
16. SURATI MANAGEMENT GROUP
    121 DREW DRIVE
    LANGHORNE PA 19053
17. DAYS INN BY WYNDHAM
    ALIAS: D/B/A DAYS INN
    4200 ROOSEVELT BOULEVARD
    PHILADELPHIA PA 19124
18. WYNDHAM WORLDWIDE CORPORATION

```
        22 SYLVAN WAY
        PARSIPPANY NJ 07054
19. WYNDHAM HOTEL GROUP, LLC
        22 SYLVAN WAY
        PARSIPPANY NJ 07054
20. WYNDHAM HOTELS AND RESORTS, LLC
        22 SYLVAN WAY
        PARSIPPANY NJ 07054
21. WYNDHAM HOTELS AND RESORTS, INC.
        22 SYLVAN WAY
        PARSIPPANY NJ 07054
22. WYNDHAM HOTEL MANAGEMENT, INC.
        22 SYLVAN WAY
        PARSIPPANY NJ 07054
```

**SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.**
BY: ROBERT J. MONGELUZZI/ARA RICHARD AVRIGIAN/
K. ANDREW HEINOLD
IDENTIFICATION NO: 36283/67196/319507
1650 MARKET STREET                                    ATTORNEYS FOR PLAINTIFF
52ND FLOOR
PHILADELPHIA, PENNSYLVANIA 19103
(215) 496-8282

*Filed and Attested by the Office of Judicial Records 24 JAN 2020 03:51 pm A. SILIGRINI*

| | |
|---|---|
| **A.H.**<br>c/o Saltz, Mongeluzzi,<br>Barrett & Bendesky, P.C.<br>1650 Market Street<br>52nd Floor<br>Philadelphia, PA 19103<br><br>                 *Plaintiff*<br><br>   vs.<br><br>**ROOSEVELT INN, LLC**<br>**d/b/a ROOSEVELT INN**<br>7600 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>*And*<br><br>**ROOSEVELT MOTOR INN, INC.**<br>7600 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>*And*<br><br>**UVFS MANAGEMENT COMPANY, LLC**<br>287 Bowman Avenue<br>Purchase, NY 10577<br><br>*And*<br><br>**YAGNA PATEL**<br>7600 Roosevelt Boulevard<br>Philadelphia, PA 19152<br><br>*And* | **PHILADELPHIA COUNTY**<br>**COURT OF COMMON PLEAS**<br><br>**JANUARY TERM, 2020**<br><br><br>**No.:**<br><br><br>**JURY OF 12 DEMANDED**<br><br><br>**THIS IS NOT AN ARBITRATION**<br>**MATTER** |

**ALPHA-CENTURION SECURITY, INC.**
**d/b/a ALPHA CENTURY SECURITY, INC.**
3720 West Chester Pike
Newtown Square, PA 19073

*And*

**ALPHA CENTURY SECURITY, INC.**
3720 West Chester Pike
Newtown Square, PA 19073

*And*

**WYNDHAM HOTEL COMPANY**
**d/b/a RAMADA INN**
c/o CT Corporation System
600 N. Second Street, Suite 401
Harrisburg, PA  17101

*And*

**WYNDHAM HOTEL MANAGEMENT,**
**INC. d/b/a RAMADA INN**
22 Sylvan Way
Parsippany, NJ 07054

*And*

**WYNDHAM HOTELS AND RESORTS,**
**LLC d/b/a RAMADA INN**
22 Sylvan Way
Parsippany, NJ 07054

*And*

**4200 ROOSEVELT LLC and**
**4200 ROOSEVELT LLC d/b/a**
**DAYS INN**
4200 Roosevelt Boulevard
Philadelphia, PA 19124

*And*

Case ID: 200102954

| | |
|---|---|
| **4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC d/b/a DAYS INN**<br>4200 Roosevelt Boulevard<br>Philadelphia, PA 19124<br><br>*And*<br><br>**WYNDHAM HOTEL COMPANY d/b/a DAYS INN**<br>22 Sylvan Way<br>Parsippany, NJ 07054<br><br>*And*<br><br>**WYNDHAM HOTEL MANAGEMENT, INC. d/b/a DAYS INN**<br>22 Sylvan Way<br>Parsippany, NJ 07054<br><br>*And*<br><br>**WYNDHAM HOTELS AND RESORTS, LLC d/b/a DAYS INN**<br>22 Sylvan Way<br>Parsippany, NJ 07054<br><br>*And*<br><br>**DAYS INN**<br>4200 Roosevelt Boulevard<br>Philadelphia, PA 19124<br><br>*And*<br><br>**SURATI MANAGEMENT GROUP**<br>121 Drew Drive<br>Langhorne, PA 19053<br><br>*And*<br><br>**DAYS INN BY WYNDHAM d/b/a DAYS INN**<br>4200 Roosevelt Boulevard<br>Philadelphia, PA 19124 | |

3

Case ID: 200102954

| | |
|---|---|
| *And*<br><br>**WYNDHAM WORLDWIDE CORPORATION**<br>22 Sylvan Way<br>Parsippany, NJ 07054<br><br>*And*<br><br>**WYNDHAM HOTEL GROUP, LLC**<br>22 Sylvan Way<br>Parsippany, NJ 07054<br><br>*And*<br><br>**WYNDHAM HOTELS AND RESORTS, LLC**<br>22 Sylvan Way<br>Parsippany, NJ 07054<br><br>*And*<br><br>**WYNDHAM HOTELS AND RESORTS, INC.**<br>22 Sylvan Way<br>Parsippany, NJ 07054<br><br>*And*<br><br>**WYNDHAM HOTEL MANAGEMENT, INC.**<br>22 Sylvan Way<br>Parsippany, NJ 07054<br>        *Defendants* | |

## COMPLAINT – CIVIL ACTION

4

Case ID: 200102954

"NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER (OR CANNOT AFFORD ONE), GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701"

"AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse do estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparence escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABAGADO O SI NO TIENE EL DINERO SUFICIENTE DE PARGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ESTA OFICINA PUEDE PROPORCIONARLE LA INFORMACION SOBRE CONTRATAR A UN ABOGADO. SI USTED NO TIENE DINERO SUFICIENTE PARA PAGAR A UN ABOGADO, ESTA OFICINA PUEDE PROPORCIONARLE INFORMACION SOBRE AGENCIAS QUE OFRECEN SERVICIOS LEGALES A PERSONAS QUE CUMPLEN LOS REQUISITOS PARA UN HONORARIO REDUCIDO O NINGUN HONORARIO.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
SERVICO DE REFERENCA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701"

## PARTIES

1.      Plaintiff, A.H., was born January 1, 1991 and is one of the thousands of victims of human trafficking and being victimized in hotels and/or motels across the United States.

2.      From the age of 17 to 18, A.H. was a victim of human trafficking. She was exploited by traffickers of commercial sex acts and those who financially benefitted from her exploitation, including Defendants. Plaintiff resides in Philadelphia County, Pennsylvania. Plaintiff can be contacted through her counsel, Robert J Mongeluzzi, Esquire, Ara Richard Avrigian, Esquire, and K. Andrew Heinold, Esquire of Saltz, Mongeluzzi, Barrett & Bendesky, P.C., located at 1650 Market Street, 52nd Floor, Philadelphia, PA 19103.

3.      Plaintiff's name and address are not contained in this Complaint to protect the privacy and identity of Plaintiff who incurred injuries and damages when being exploited by traffickers of commercial sex acts and those who financially benefitted from her exploitation.

4.      Defendant, Roosevelt Inn, LLC d/b/a Roosevelt Inn, is a corporation organized and existing under the laws of Pennsylvania with a place of business at 7600 Roosevelt Boulevard, Philadelphia, PA 19152.

Case ID: 200102954

5.      At all relevant times, Defendant Roosevelt Inn, LLC d/b/a Roosevelt Inn purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

6.      Defendant Roosevelt Motor Inn, Inc. is a corporation organized and existing under the laws of Pennsylvania with a place of business at 7600 Roosevelt Boulevard, Philadelphia, PA 19152.

7.      At all relevant times, Defendant Roosevelt Motor Inn, Inc. purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

8.      At all relevant times, Defendants Roosevelt Inn was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Roosevelt Inn.

9.      Defendant, UVFS Management Company, LLC, ("UVFS") is a corporation organized and existing under the laws of New York with a place of business located at 287 Bowman Avenue, Purchase, NY 10577.

10.     At all relevant times, Defendant UVFS purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

11.     At all relevant times, Defendant UVFS was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with UVFS.

12.     Defendant, Yagna Patel, is an adult individual residing at 7600 Roosevelt Boulevard, Philadelphia, PA 19152.

Case ID: 200102954

13.    Defendant, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. ("Alpha-Centurion") is a corporation organized and existing under the laws of Pennsylvania with a place of business located at 3720 West Chester Pike, Newtown Square, PA 19073.

14.    At all relevant times, Defendant Alpha-Centurion purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

15.    At all relevant times, Defendant Alpha-Centurion was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Alpha-Centurion.

16.    Defendant, Alpha Century Security, Inc., ("AC Security") is a corporation organized and existing under the laws of Pennsylvania with a place of business located at 3720 West Chester Pike, Newtown Square, PA 19073.

17.    At all relevant times, Defendant AC Security purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

18.    At all relevant times, Defendant AC Security was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with AC Security.

19.    At all relevant times, Defendants, Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS, Yagna Patel, Alpha-Centurion and AC Security owned, operated and/or managed a motel located at 7600 Roosevelt Boulevard, Philadelphia, PA 19152 ("The Roosevelt Inn").  Defendants, Roosevelt Inn, UVFS, Yagna Patel, Alpha-Centurion and AC Security are hereinafter referred to collectively as the "Roosevelt Inn Defendants."

7

20.     At all relevant times, the Roosevelt Inn Defendants acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doormen, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

21.     At all relevant times, the Roosevelt Inn Defendants, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evidence of human sex trafficking within the Roosevelt Inn where they worked.

22.     At all relevant times, the Roosevelt Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Roosevelt Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

23.     At all relevant times, the Roosevelt Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Roosevelt Inn.

24.     At all relevant times, the Roosevelt Inn Defendants received money and financially profited from the commercial sex acts occurring on the premises of the Roosevelt Inn.

25.     Defendant, Wyndham Hotel Company, d/b/a Ramada Inn, is a corporation organized and existing under the laws of New Jersey with a principle place of business at 22 Sylvan Way, Parsippany, NJ 07054.

26.     At all relevant times, Defendant Wyndham Hotel Company, d/b/a Ramada Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry

Case ID: 200102954

out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

27.     At all relevant times, Defendant Wyndham Hotel Company, d/b/a Ramada Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotel Company.

28.     Defendant, Wyndham Hotel Management, Inc., d/b/a Ramada Inn, is a corporation organized and existing under the laws of New Jersey with a place of business at 22 Sylvan Way, Parsippany, NJ 07054 .

29.     At all relevant times, Defendant Wyndham Hotel Management, Inc., d/b/a Ramada Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

30.     At all relevant times, Defendant Wyndham Hotel Management, Inc., d/b/a Ramada Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotel Management, Inc.

31.     Defendant, Wyndham Hotels and Resorts, LLC, d/b/a Ramada Inn, is a corporation organized and existing under the laws of New Jersey with a place of business at 22 Sylvan Way, Parsippany, NJ 07054.

32.     At all relevant times, Defendant Wyndham Hotels and Resorts, LLC, d/b/a Ramada Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

33.     At all relevant times, Defendant Wyndham Hotels and Resorts, LLC, d/b/a Ramada Inn, was acting by and through its agents, servants and/or employees, who were acting

Case ID: 200102954

within the course and scope of their agency, service and/or employment with Wyndham Hotels and Resorts, LLC.

34.     Defendant Wyndham Worldwide Corporation d/b/a Ramada Inn is a corporation organized and existing under the laws of New Jersey with a principle place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

35.     At all relevant times, Defendant Wyndham Worldwide Corporation d/b/a Ramada Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

36.     Defendant Wyndham Hotel Group, LLC d/b/a Ramada is a limited liability corporation organized and existing under the laws of New Jersey with a principle place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

37.     At all relevant times, Defendant Wyndham Hotel Group, LLC d/b/a Ramada Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

38.     Defendant Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn is a corporation organized and existing under the laws of New Jersey with a principle place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

39.     At all relevant times, Defendant Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

Case ID: 200102954

40.     At all relevant times, Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, and Wyndham Hotels & Resorts, Inc. owned, operated and/or managed a motel at 11580 Roosevelt Boulevard, Philadelphia, PA 19116 ("The Ramada Inn"). Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, and Wyndham Hotels & Resorts, Inc., are hereinafter referred to collectively as the "Ramada Inn Defendants."

41.     At all relevant times, the Ramada Inn Defendants acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doormen, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

42.     At all relevant times, the Ramada Inn Defendants, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evidence of human sex trafficking within the Ramada Inn where they worked.

43.     At all relevant times, the Ramada Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Ramada Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

44.     At all relevant times, the Ramada Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Ramada Inn.

Case ID: 200102954

45. At all relevant times, the Ramada Inn Defendants received money and financially profited from the commercial sex acts occurring on the premises of the Ramada Inn.

46. Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn is a limited liability corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

47. At all relevant times, Defendant 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

48. Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

49. At all relevant times, Defendant 4200 Rose Hospitality, LLC and 4200 Rose Hospitality, LLC d/b/a Days Inn purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

50. Defendant, Days Inn, is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

51. At all relevant times, Defendant Days Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

Case ID: 200102954

52.    Defendant, Days Inn by Wyndham d/b/a Days Inn, is a company duly organized and existing under the laws of the Commonwealth of Pennsylvania with a place of business at 4200 Roosevelt Boulevard, Philadelphia, PA 19124.

53.    At all relevant times, Defendant Days Inn by Wyndham d/b/a Days Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

54.    Defendant Wyndham Worldwide Corporation d/b/a Days Inn is a corporation organized and existing under the laws of New Jersey with a principle place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

55.    At all relevant times, Defendant Wyndham Worldwide Corporation d/b/a Days Inn purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

56.    Defendant Wyndham Hotel Group, LLC d/b/a Days Inn is a limited liability corporation organized and existing under the laws of New Jersey with a principle place of business located at 22 Sylvan Way, Parsippany, NJ 07054.

57.    At all relevant times, Defendant Wyndham Hotel Group, LLC purposefully established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

58.    Defendant, Wyndham Hotel Company, d/b/a Days Inn, is a corporation organized and existing under the laws of Texas with an agent for service at c/o CT Corporation System, 600 N. Second Street, Suite 401, Harrisburg, PA 17101.

Case ID: 200102954

59. At all relevant times, Defendant Wyndham Hotel Company, d/b/a Days Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

60. At all relevant times, Defendant Wyndham Hotel Company, d/b/a Days Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotel Company.

61. Defendant, Wyndham Hotel Management, Inc., d/b/a Days Inn, is a corporation organized and existing under the laws of New Jersey with a place of business at 22 Sylvan Way, Parsippany, NJ 07054.

62. At all relevant times, Defendant Wyndham Hotel Management, Inc., d/b/a Days Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

63. At all relevant times, Defendant Wyndham Hotel Management, Inc., d/b/a Days Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotel Management, Inc.

64. Defendant, Wyndham Hotels and Resorts, LLC, d/b/a Days Inn, is a corporation organized and existing under the laws of New Jersey with a place of business at 22 Sylvan Way, Parsippany, NJ 07054.

65. At all relevant times, Defendant Wyndham Hotels and Resorts, LLC, d/b/a Days Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

Case ID: 200102954

66.    At all relevant times, Defendant Wyndham Hotels and Resorts, LLC, d/b/a Ramada Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotels and Resorts, LLC.

67.    Defendant Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, is a corporation organized and existing under the laws of New Jersey with a place of business at 22 Sylvan Way, Parsippany, NJ 07054.

68.    At all relevant times, Defendant Wyndham Hotels and Resorts, LLC, d/b/a Ramada Inn, was acting by and through its agents, servants and/or employees, who were acting within the course and scope of their agency, service and/or employment with Wyndham Hotels & Resorts, Inc.

69.    Defendant Surati Management Group is a company duly organized and existing under the laws under the Commonwealth of Pennsylvania with a principle place of business located at 121 Drew Lane, Langhorne, PA 19053.

70.    At all relevant times, Defendant Wyndham Hotel Management, Inc., d/b/a Days Inn, purposely established significant contacts in Pennsylvania, has carried out and continues to carry out substantial, continuous and systematic business activities in Pennsylvania and regularly conducts business in Philadelphia County.

71.    At all relevant times, Surati Management Group owned, operated and/or managed the Days Inn.

72.    At all relevant times, Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Days Inn by Wyndham d/b/a Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, Wyndham Hotels & Resorts, Inc. and Surati Management Group

15

owned, operated and/or managed a motel at 4200 Roosevelt Boulevard, Philadelphia, PA 19116 ("The Days Inn"). Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Days Inn by Wyndham d/b/a Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company, Wyndham Hotel Management, Inc., Wyndham Hotels and Resorts, LLC, and Surati Management Group, are hereinafter referred to collectively as the "Days Inn Defendants."

73. At all relevant times, the Days Inn Defendants acted individually and/or by and through their actual or apparent agents, servants and employees, including but not limited to front desk staff, back room staff, housekeepers, custodians, maintenance workers, food preparation workers, doormen, concierges and security guards and are therefore liable for the acts and/or omissions of their agents, servants and/or employees under theories of agency, master-servant, respondent superior and/or right of control.

74. At all relevant times, the Days Inn Defendants, individually and/or by their actual or apparent agents, servants and employees were uniquely positioned to observe the manifestations, indications and evidence of human sex trafficking within the Days Inn where they worked.

75. At all relevant times, the Days Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to take any steps to prevent human sex trafficking at the Days Inn and instead permitted heinous and unspeakable acts to occur and profited from them.

76. At all relevant times, the Days Inn Defendants, individually and/or by their actual or apparent agents, servants and employees failed to report to authorities that human sex trafficking was occurring at the Days Inn.

Case ID: 200102954

77.     At all relevant times, the Days Inn Defendants received money and financially profited from the commercial sex acts occurring on the premises of the Days Inn.

## THE EXPLOITATION OF A.H.

78.     Human sex trafficking is a global multi-billion dollar enterprise that effects nearly every country, including the United States.

79.     Human trafficking is a form of modern-day slavery.

80.     Women and girls are disproportionately affected by human sex trafficking and account for the vast majority of victims in commercial sex trafficking.

81.     Globally, there are approximately five (5) million people trapped in forced sexual exploitation. It is a form of evil in the abuse and exploitation of the most innocent and vulnerable.

82.     The hospitality industry, specifically hotels and motels, owe a duty to provide a safe premises for their guests and must protect them against reasonably anticipated conduct.

83.     Hotels and motels are frequented for both sex and labor trafficking business operations.

84.     The National Human Trafficking Hotline recorded 3,596 cases of human trafficking involving a hotel or motel from 2007 through 2017.

85.     Under Pennsylvania's Human Trafficking Law, 18 Pa. C.S. § 3001, et seq., it is a felony to recruit, entice, solicit, harbor or transport a minor which results in the minor being subjected to sexual servitude.

86.     Pennsylvania has long held that hotel and motel owners are liable for the reasonably anticipated harm that may occur to their guests from third parties. Moran v. Valley Forge Drive-In Theater, Inc., 246 A.2d 875, 879 (Pa. 1968).

Case ID: 200102954

87. Beginning in the summer of 2008, A. H. was recruited into sex work by John Guerra and Elton "Marvin" Cromwell. Guerra and Cromwell found A.H., a 17 year old runaway, alone on the streets of Kensington, Philadelphia, addicted to crack cocaine.

88. Guerra and Cromwell took advantage of A.H.'s vulnerability and addiction to coerce and recruit A.H. into sex work.

89. Guerra and Cromwell brought A.H. to the Ramada Inn on Roosevelt Boulevard, where Cromwell and a team of other female trafficking victims lived.

90. A.H. was visited, at the Ramada Inn, by five to twenty "johns" per day, each of which were brought to a second room rented by Guerra and/or Cromwell.

91. Plaintiff's traffickers put up internet advertisements for the purpose of prostituting trafficking victims, including Plaintiff.

92. These advertisements often included both the name and address of the Roosevelt Inn, Days Inn and/or Ramada Inn.

93. The advertisements included a fake name for Plaintiff and a phone number to call.

94. During the phone call, sex for cash was negotiated and the caller "John" would be informed that Plaintiff was at the Roosevelt Inn, Days Inn and/or Ramada Inn.

95. A.H. was ferried between the Ramada Inn, the Roosevelt Inn, and the Days Inn to sleep with other "johns" in hotel rooms.

96. While at the Roosevelt Inn, Days Inn and/or Ramada Inn, hotel staff regularly entered the room in which A.H. and other trafficking victims lived.

97. Guerra and/or Cromwell beat the girls, cracking their ribs and covering them with bruises. These beatings were loud and terrifying, scaring the other girls in the room next door.

98. No hotel staff ever investigated the noises of violence or called the police.

18

99.     The Roosevelt Inn Defendants' employees, servants, staff and/or agents, including Defendant Patel, provided hotel rooms and service to the human traffickers in exchange for sex acts with the traffickers' victims.

100.    The Roosevelt Inn Defendants, Days Inn Defendants and/or Ramada Inn Defendants' employees, servants, staff and/or agents exchanged cash tips from the traffickers in exchange for silence regarding the illegal activities occurring on the premises.

101.    The Roosevelt Inn Defendants, Days Inn Defendants and/or Ramada Inn Defendants' employees, servants, staff and/or agents, to the benefit of the hotels, provided protection and assistance to the traffickers by providing information regarding police intending to and/or entering the premises.

102.    For eight months, from the ages of 17 to 18, A.H. was exploited up and down Roosevelt Boulevard at the Defendants' motels.   None of the hotels' employees ever investigated, asked A.H. if she was safe, or picked up the phone and simply dialed 911.  A.H. was abused and exploited in plain sight.

## COUNT I – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et seq.

## A.H. v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UVFS MANAGEMENT COMPANY LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC d/b/a ALPHA CENTURY SECURITY, INC., and ALPHA CENTURY SECURITY, INC.

103.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

104.    Pennsylvania's Human Trafficking Law, 18 Pa. C.S.A. § 3001, et seq., makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

105.    Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC , Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha

Case ID: 200102954

Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport Plaintiff, permitting her to be exploited and engage in commercial sex acts.

106.    Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.  Moreover, Defendants breached their duty of care because they know or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Roosevelt Inn on a repeated basis.

107.    Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Roosevelt Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Roosevelt Inn.

108.    Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect

20

Case ID: 200102954

persons on the premises of the Roosevelt Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that persons on the premises of the Roosevelt Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.   The negligence of Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, Yagna Patel, Alpha-Centurion Security Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a.   Failing to establish a security plan to prevent human trafficking on the premises;

b.   Failing to establish a security plan to stop human trafficking on the premises;

c.   Failing to implement and/or execute the security plan;

d.   Failing to train employees on proper protocols and procedures for handling situations of human trafficking and/or commercial sexual activity;

e.   Failing to train employees on identifying situations of human trafficking and/or commercial sexual activity;

f.   Failing to control the premises;

g.   Failing to monitor the premises;

h.   Failing to provide and maintain a safe and secure premises;

i.   Failing to provide and maintain safe access to the premises;

j.   Failing to provide adequate and appropriate security;

k.   Failing to properly hire and train employees to recognize, prevent and respond to criminal and unsafe activities including human trafficking and prostitution;

21

Case ID: 200102954

l.   Failing to provide safeguards to prevent against the foreseeable above-described conduct;

m.   Failing to inspect and supervise the premises and surrounding area adequately;

n.   Exchanging hotel services with human traffickers for sex acts with the trafficker's victims;

o.   Receiving cash tips with human traffickers in exchange for silence regarding the illegal activities occurring on the premises;

p.   Providing protection and assistance to the traffickers;

q.   Providing information regarding the police's intention and/or entrance onto the premises;

r.   Failing to improve existing security measures that they know or in the exercise of reasonable care should have known were inadequate and/or ineffective and/or inefficiently performed or executed;

s.   Failing to oversee and/or supervise existing security measures to ensure that such measures were being properly performed;

t.   Failing to have sufficient security measures to protect the guests and invitees such as plaintiff and prevent incidents such as that involved in this matter;

u.   Failing to establish adequate standards for the safe operation and management of the premises;

v.   Failing to provide reasonable and adequately trained personnel to provide protection to plaintiff and other lawful guests and invitees of the premises;

w.   Failing to adopt such other security measures that were necessary and reasonable to protect and/or safeguard lawful invitees and individuals present at or near the premises, such as plaintiff;

x.   Failing to investigate and act accordingly on the suspicious presence of the individuals who were perpetuating human trafficking and commercial sex acts;

y.   Failing to become apprised of the criminal acts that occurred on or the premises and to take reasonable preventative action in the connection therewith;

22

Case ID: 200102954

z.      Benefiting from the recruitment and/or enticement and/or harboring and/or transporting of Plaintiff, permitting her to be exploited and engage in commercial sex acts;

aa.     Exposing plaintiff to foreseeable and unreasonable risk of harm or bodily injury;

bb.     Creating a foreseeable and unreasonable risk of criminal acts and injury;

cc.     Failing to adequately supervise said agents, ostensible agents, servants, work persons, and/or employees to provide a safe environment for Defendants' patrons and invitees;

dd.     Failing to undertake reasonable steps to implement necessary training for the staff, and proper policies and protocols to ensure the safety of patrons utilizing the establishment;

ee.     Failing to prevent entry of unauthorized individuals onto the premises;

ff.     Failing to hire, select and/or retain personnel competent to provide proper and adequate professional services;

gg.     Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of invitees on the premises of the hotel;

hh.     Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning proper monitoring, surveillance and patrolling of the premises;

ii.     Failing to detect and respond to commercial sex activity and human trafficking at the hotel;

jj.     Failing to conduct adequate surveillance of the premises of the hotel;

kk.     Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

ll.     Failing to respond and react to suspicious activity at the hotel;

mm.    Failing to adequately monitoring activity in the hotel and promptly reacting thereto for the safety of individuals, including Plaintiff;

nn.     Failing to prevent Plaintiff from being trafficked on the premises;

Case ID: 200102954

oo.    Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

pp.    Breaching duties under the Restatement of Torts (Second), including but not limited to §302, 318, 321, 323, 324A and 344;

qq.    18 Pa. C.S.A. § 3001, et seq.; and

rr.    Failing to exercise care, caution and diligence required under the circumstances.

109.    By harboring Plaintiff for commercial sex acts, Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

110.    By harboring Plaintiff for commercial sex acts, Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

111.    By harboring Plaintiff for commercial sex acts, Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., individually and/or by and through their actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

Case ID: 200102954

WHEREFORE, Plaintiff, A.H., demands judgment in her favor and against Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, UVFS MANAGEMENT COMPANY LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. and ALPHA CENTURY SECURITY, INC.

112.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

113.    Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

114.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

WHEREFORE, Plaintiff, A.H., demands judgment in her favor and against Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., and demands compensatory and punitive damages in excess of

Case ID: 200102954

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT III – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UVFS MANAGEMENT COMPANY LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. and ALPHA CENTURY SECURITY, INC.

115.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

116.    By harboring Plaintiff to perform commercial sex acts, Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress and proximately caused herm and damage to Plaintiff.

117.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Roosevelt Inn LLC, UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

Case ID: 200102954

## COUNT IV-NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

## A.H. v. ROOSEVELT INN LLC d/b/a ROOSEVELT INN, ROOSEVELT MOTOR INN, INC., UVFS MANAGEMENT COMPANY LLC, YAGNA PATEL, ALPHA-CENTURION SECURITY, INC. d/b/a ALPHA CENTURY SECURITY, INC. and ALPHA CENTURY SECURITY, INC.

118.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

119.    Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security, Inc., d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc. individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

120.    Defendants Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by thirds parties.

121.    Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security individually and/or by and through their actual or apparent agents servants and employees, knew or should have known that failure to

27

Case ID: 200102954

hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

122. Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security individually and/or by and through their actual or apparent agents servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Roosevelt Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Roosevelt Inn would be victimized by, or subjected to, such criminal and/or violent acts.

123. As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Roosevelt Inn, cause severe injuries to Plaintiff including, but not limited to physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

124. Due to Defendants failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Roosevelt Inn, LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company LLC, Yagna Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc. and Alpha Century Security, Inc., and demands compensatory and punitive damages in excess of

Case ID: 200102954

Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT V – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et seq.

### A.H. v. WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTEL COMPANY d/b/a RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a RAMADA INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a RAMADA INN, WYNDHAM HOTELS AND RESORTS, LLC d/b/a RAMADA INN

125.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

126.    Pennsylvania's Human Trafficking Law, 18 Pa. C.S.A. § 3001, et seq., makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

127.    Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport Plaintiff, permitting her to be exploited and engage in commercial sex acts.

128.    Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons lawfully on the premises of the Ramada Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.  Moreover, Defendants breached their duty of care because they know

29

or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Ramada Inn on a repeated basis.

129.    Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn,  individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Ramada Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Ramada Inn.

130.    Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Ramada Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that persons on the premises of the Ramada Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC ,Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

30

a.      Failing to establish a security plan to prevent human trafficking on the premises;

b.      Failing to establish a security plan to stop human trafficking on the premises;

c.      Failing to implement and/or execute the security plan;

d.      Failing to train employees on proper protocols and procedures for handling situations of human trafficking and/or commercial sexual activity;

e.      Failing to train employees on identifying situations of human trafficking and/or commercial sexual activity;

f.      Failing to control the premises;

g.      Failing to monitor the premises;

h.      Failing to provide and maintain a safe and secure premises;

i.      Failing to provide and maintain safe access to the premises;

j.      Failing to provide adequate and appropriate security;

k.      Failing to properly hire and train employees to recognize, prevent and respond to criminal and unsafe activities including human trafficking and prostitution;

l.      Failing to provide safeguards to prevent against the foreseeable above-described conduct;

m.      Failing to inspect and supervise the premises and surrounding area adequately;

n.      Failing to improve existing security measures that they know or in the exercise of reasonable care should have known were inadequate and/or ineffective and/or inefficiently performed or executed;

o.      Failing to oversee and/or supervise existing security measures to ensure that such measures were being properly performed;

p.      Failing to have sufficient security measures to protect the guests and invitees such as plaintiff and prevent incidents such as that involved in this matter;

Case ID: 200102954

q.    Failing to establish adequate standards for the safe operation and management of the premises;

r.    Receiving cash tips with human traffickers in exchange for silence regarding the illegal activities occurring on the premises;

s.    Providing protection and assistance to the traffickers;

t.    Providing information regarding the police's intention and/or entrance onto the premises;

u.    Failing to provide reasonable and adequately trained personnel to provide protection to plaintiff and other lawful guests and invitees of the premises;

v.    Failing to adopt such other security measures that were necessary and reasonable to protect and/or safeguard lawful invitees and individuals present at or near the premises, such as plaintiff;

w.    Failing to investigate and act accordingly on the suspicious presence of the individuals who were perpetuating human trafficking and commercial sex acts;

x.    Failing to become apprised of the criminal acts that occurred on or the premises and to take reasonable preventative action in the connection therewith;

y.    Benefiting from the recruitment and/or enticement and/or harboring and/or transporting of Plaintiff, permitting her to be exploited and engage in commercial sex acts;

z.    Exposing plaintiff to foreseeable and unreasonable risk of harm or bodily injury;

aa.    Creating a foreseeable and unreasonable risk of criminal acts and injury;

bb.    Failing to adequately supervise said agents, ostensible agents, servants, work persons, and/or employees to provide a safe environment for Defendants' patrons and invitees;

cc.    Failing to undertake reasonable steps to implement necessary training for the staff, and proper policies and protocols to ensure the safety of patrons utilizing the establishment;

dd.    Failing to prevent entry of unauthorized individuals onto the premises;

Case ID: 200102954

ee.   Failing to hire, select and/or retain personnel competent to provide proper and adequate professional services;

ff.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of invitees on the premises of the hotel;

gg.   Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning proper monitoring, surveillance and patrolling of the premises;

hh.   Failing to detect and respond to commercial sex activity and human trafficking at the hotel;

ii.   Failing to conduct adequate surveillance of the premises of the hotel;

jj.   Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

kk.   Failing to respond and react to suspicious activity at the hotel;

ll.   Failing to adequately monitoring activity in the hotel and promptly reacting thereto for the safety of individuals, including Plaintiff;

mm.   Failing to prevent Plaintiff from being trafficked on the premises;

nn.   Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

oo.   Breaching duties under the Restatement of Torts (Second), including but not limited to §302, 318, 321, 323, 324A and 344;

pp.   18 Pa. C.S.A. § 3001, et seq.; and

qq.   Failing to exercise care, caution and diligence required under the circumstances.

131.   By harboring Plaintiff for commercial sex acts, Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to

Case ID: 200102954

suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

132.    By harboring Plaintiff for commercial sex acts, Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

133.    By harboring Plaintiff for commercial sex acts, Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts, LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc., d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars, exclusive of prejudgment interest, costs and damages for pre-judgment delay.

Case ID: 200102954

## COUNT VI – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTEL COMPANY d/b/a RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a RAMADA INN,  WYNDHAM HOTELS & RESORTS, INC. d/b/a RAMADA INN AND WYNDHAM HOTELS AND RESORTS LLC d/b/a RAMADA INN

134.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

135.    Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

136.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

Case ID: 200102954

## COUNT VII – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTEL COMPANY d/b/a RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a RAMADA INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a RAMADA INN, AND WYNDHAM HOTELS AND RESORTS LLC d/b/a RAMADA INN

137.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

138.    By harboring Plaintiff to perform commercial sex acts, Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress and proximately caused herm and damage to Plaintiff.

139.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

Case ID: 200102954

## COUNT VIII-NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

## A.H. v. WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, WYNDHAM HOTEL COMPANY d/b/a RAMADA INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a RAMADA INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a RAMADA INN, AND WYNDHAM HOTELS AND RESORTS LLC d/b/a RAMADA INN

140.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

141.    Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

142.    Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by thirds parties.

143.    Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents servants

Case ID: 200102954

and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

144.      Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Ramada Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Ramada Inn would be victimized by, or subjected to, such criminal and/or violent acts.

145.      As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Ramada Inn, cause severe injuries to Plaintiff including, but not limited to physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

146.      Due to Defendants failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

Case ID: 200102954

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, and Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

<u>COUNT IX – NEGLIGENCE: VIOLATION OF PENNSYLVANIA HUMAN TRAFFICKING LAW, 18 Pa. C.S.A. § 3001, et seq.</u>

<u>A.H. v. 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC d/b/a Days Inn, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC d/b/a DAYS INN, DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, DAYS INN BY WYNDHAM d/b/a DAYS INN, WYNDHAM HOTEL COMPANY d/b/a DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a DAYS INN, WYNDHAM HOTELS & RESORTS, INC., d/b/a DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC d/b/a DAYS INN AND SURATI MANAGEMENT GROUP</u>

147.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

148.    Pennsylvania's Human Trafficking Law, 18 Pa. C.S.A. § 3001, et seq., makes it illegal to recruit, entice, harbor, or transport any minor for the purpose of causing or permitting the minor to be engaged in any commercial sex act.

149.    Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Days Inn by Wyndham d/b/a Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn and Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group individually and/or by and through their actual or

Case ID: 200102954

apparent agents, servants and employees, did recruit and/or entice and/or harbor and/or transport Plaintiff, permitting her to be exploited and engage in commercial sex acts.

150.    Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents, servants and employees, breached the foregoing duties because they knew or should have known that persons lawfully on the premises of the Days Inn, such as Plaintiff, could be victimized by, or subjected to, criminal activities on the premises that would likely endanger their health, safety, and/or well-being.   Moreover, Defendants breached their duty of care because they know or should have known, that adults working as sex traffickers were causing, by any means, minors, including Plaintiff, to be sexually exploited and trafficked at the Days Inn on a repeated basis.

151.    Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group individually and/or by and through their actual or apparent agents, servants and employees, should have reasonably anticipated that it was reasonably foreseeable from their knowledge and/or past experiences that persons on the premises of the Days Inn, including Plaintiff, would suffer serious bodily harm as a result of being victimized by violent crimes perpetrated by third parties on the premises of the Days Inn.

Case ID: 200102954

152.    Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group individually and/or by and through their actual or apparent agents, servants and employees, failed or refused to take adequate precautions to protect persons on the premises of the Days Inn, including Plaintiff, from criminal and violent activities of others, despite a reasonable likelihood that persons on the premises of the Days Inn, including Plaintiff, would be victimized by, or subjected to, such criminal and/or violent acts, which could cause such persons serious bodily injury.  The negligence of Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group individually and/or by and through their actual or apparent agents, servants and employees consisted of the following:

a.    Failing to establish a security plan to prevent human trafficking on the premises;

b.    Failing to establish a security plan to stop human trafficking on the premises;

c.    Failing to implement and/or execute the security plan;

d.    Failing to train employees on proper protocols and procedures for handling situations of human trafficking and/or commercial sexual activity;

Case ID: 200102954

e.  Failing to train employees on identifying situations of human trafficking and/or commercial sexual activity;

f.  Failing to control the premises;

g.  Failing to monitor the premises;

h.  Failing to provide and maintain a safe and secure premises;

i.  Failing to provide and maintain safe access to the premises;

j.  Failing to provide adequate and appropriate security;

k.  Failing to properly hire and train employees to recognize, prevent and respond to criminal and unsafe activities including human trafficking and prostitution;

l.  Failing to provide safeguards to prevent against the foreseeable above-described conduct;

m.  Failing to inspect and supervise the premises and surrounding area adequately;

n.  Failing to improve existing security measures that they know or in the exercise of reasonable care should have known were inadequate and/or ineffective and/or inefficiently performed or executed;

o.  Failing to oversee and/or supervise existing security measures to ensure that such measures were being properly performed;

p.  Failing to have sufficient security measures to protect the guests and invitees such as plaintiff and prevent incidents such as that involved in this matter;

q.  Failing to establish adequate standards for the safe operation and management of the premises;

r.  Receiving cash tips with human traffickers in exchange for silence regarding the illegal activities occurring on the premises;

s.  Providing protection and assistance to the traffickers;

t.  Providing information regarding the police's intention and/or entrance onto the premises;

Case ID: 200102954

u.  Failing to provide reasonable and adequately trained personnel to provide protection to plaintiff and other lawful guests and invitees of the premises;

v.  Failing to adopt such other security measures that were necessary and reasonable to protect and/or safeguard lawful invitees and individuals present at or near the premises, such as plaintiff;

w.  Failing to investigate and act accordingly on the suspicious presence of the individuals who were perpetuating human trafficking and commercial sex acts;

x.  Failing to become apprised of the criminal acts that occurred on or the premises and to take reasonable preventative action in the connection therewith;

y.  Benefiting from the recruitment and/or enticement and/or harboring and/or transporting of Plaintiff, permitting her to be exploited and engage in commercial sex acts;

z.  Exposing plaintiff to foreseeable and unreasonable risk of harm or bodily injury;

aa.  Creating a foreseeable and unreasonable risk of criminal acts and injury;

bb.  Failing to adequately supervise said agents, ostensible agents, servants, work persons, and/or employees to provide a safe environment for Defendants' patrons and invitees;

cc.  Failing to undertake reasonable steps to implement necessary training for the staff, and proper policies and protocols to ensure the safety of patrons utilizing the establishment;

dd.  Failing to prevent entry of unauthorized individuals onto the premises;

ee.  Failing to hire, select and/or retain personnel competent to provide proper and adequate professional services;

ff.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning protection of invitees on the premises of the hotel;

gg.  Failing to adopt, establish, implement, execute and/or enforce required policies, procedures, rules, regulations and/or guidelines concerning proper monitoring, surveillance and patrolling of the premises;

43

hh.    Failing to detect and respond to commercial sex activity and human trafficking at the hotel;

ii.    Failing to conduct adequate surveillance of the premises of the hotel;

jj.    Failing to utilize surveillance equipment to monitor suspicious activity and promptly react thereto for the safety of Plaintiff;

kk.    Failing to respond and react to suspicious activity at the hotel;

ll.    Failing to adequately monitoring activity in the hotel and promptly reacting thereto for the safety of individuals, including Plaintiff;

mm.    Failing to prevent Plaintiff from being trafficked on the premises;

nn.    Allowing individuals to come on to the premises for the express purpose of trafficking Plaintiff;

oo.    Breaching duties under the Restatement of Torts (Second), including but not limited to §302, 318, 321, 323, 324A and 344;

pp.    18 Pa. C.S.A. § 3001, et seq.; and

qq.    Failing to exercise care, caution and diligence required under the circumstances.

153.    By harboring Plaintiff for commercial sex acts, Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents, servants and employees, caused Plaintiff to suffer physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

Case ID: 200102954

154.    By harboring Plaintiff for commercial sex acts, Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents, servants and employees, financially profited from the human trafficking and continued to profit by not reporting, intervening, disrupting or otherwise stopping the practice.

155.    By harboring Plaintiff for commercial sex acts, Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents, servants and employees, acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, and demands compensatory and punitive damages in excess

Case ID: 200102954

of Fifty Thousand ($50,000.00) Dollars, exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT X– NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### A.H. v. 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC d/b/a Days Inn, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC d/b/a DAYS INN, DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, DAYS INN BY WYNDHAM d/b/a DAYS INN, WYNDHAM HOTEL COMPANY d/b/a DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a DAYS INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC d/b/a DAYS INN AND SURATI MANAGEMENT GROUP

156.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

157.    Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, negligently committed the acts averred in this Complaint against Plaintiff and thereby caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress, directly and proximately causing harm and damages to Plaintiff.

158.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel

Case ID: 200102954

Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## <u>COUNT XI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>

### <u>A.H. v. 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC d/b/a Days Inn, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC d/b/a DAYS INN, DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC DAYS INN BY WYNDHAM d/b/a DAYS INN, WYNDHAM HOTEL COMPANY d/b/a DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a DAYS INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC d/b/a DAYS INN AND SURATI MANAGEMENT GROUP</u>

159.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

160.    By harboring Plaintiff to perform commercial sex acts, Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, intentionally caused Plaintiff to suffer fear, depression, humiliation, mental anguish and severe physical and emotional distress and proximately caused herm and damage to Plaintiff.

161.    Defendants acted outrageously and in reckless disregard for the health and welfare of Plaintiff, warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and

Case ID: 200102954

4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

### COUNT XII-NEGLIGENT HIRING, TRAINING, AND/OR SUPERVISION

### A.H. v. 4200 ROOSEVELT LLC and 4200 ROOSEVELT LLC d/b/a Days Inn, 4200 ROSE HOSPITALITY LLC and 4200 ROSE HOSPITALITY LLC d/b/a DAYS INN, DAYS INN, WYNDHAM WORLDWIDE CORPORATION, WYNDHAM HOTEL GROUP, LLC, DAYS INN BY WYNDHAM d/b/a DAYS INN, WYNDHAM HOTEL COMPANY d/b/a DAYS INN, WYNDHAM HOTEL MANAGEMENT, INC. d/b/a DAYS INN, WYNDHAM HOTELS & RESORTS, INC. d/b/a DAYS INN, WYNDHAM HOTELS AND RESORTS, LLC d/b/a DAYS INN AND SURATI MANAGEMENT GROUP

162.     Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

163.     Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience was under a duty to take precautions against reasonably anticipated criminal conduct by third parties.

Case ID: 200102954

164.     Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents servants and employees, based on the place and character of its business and/or its past experience, was under a duty to provide reasonably sufficient number of servants to afford reasonable protection to patrons from reasonably anticipated criminal conduct by thirds parties.

165.     Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents servants and employees, knew or should have known that failure to hire, train, manage, supervise and/or control their agents and/or employees could lead to injury of patrons.

166.     Defendants  4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent

Case ID: 200102954

agents servants and employees, failed or refused to take adequate precautions or to provide a reasonably sufficient number of security personnel to protect persons lawfully on the premises of the Days Inn, such as Plaintiff, from the criminal and violent activities of others, despite a reasonable likelihood that persons lawfully on the premises of the Days Inn would be victimized by, or subjected to, such criminal and/or violent acts.

167.    As a direct and proximate result of Defendants' conduct, Plaintiff was sexually assaulted and exploited while on the premises of the Days Inn, cause severe injuries to Plaintiff including, but not limited to physical harm, mental anguish, humiliation, exploitation, degradation, mental distress, loss of the enjoyments of life and loss of life's pleasures, both in the past and in the future.

168.    Due to Defendants failure to hire, train, manage, supervise and/or control their agents and/or employees, Defendants 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, individually and/or by and through their actual or apparent agents, servants and employees acted outrageously and in reckless disregard for the health and welfare of Plaintiff warranting the imposition of punitive damages.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Wyndham Worldwide Corporation, Wyndham Hotel Group, LLC, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel

Case ID: 200102954

Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

## COUNT XIII-PUNITIVE DAMAGES

## A.H. v. ALL DEFENDANTS

169.    Plaintiff incorporates all preceding paragraphs of this Complaint as if the same were set forth at length herein.

170.    The facts averred about and all reasonable inferences which can be drawn from these facts, demonstrates conduct so outrageous as to rise to the level of intention, willful, wanton and/or reckless conduct.

171.    The facts averred above, and all reasonable inferences which can be drawn from those facts, demonstrates reckless indifference to the rights, health, safety and welfare of A.H.

172.    The facts averred above, and all reasonable inferences which can be drawn from those facts, demonstrates that the defendants proceeded to act in conscious disregard of or indifference to the known risk of serious harm to A.H.

**WHEREFORE**, Plaintiff, A.H., demands judgment in her favor and against Defendants, Roosevelt Inn LLC d/b/a Roosevelt Inn, Roosevelt Motor Inn, Inc., UVFS Management Company, LLC, Yanga Patel, Alpha-Centurion Security, Inc. d/b/a Alpha Century Security, Inc., Alpha Century Security, Wyndham Hotel Company d/b/a Ramada Inn, Wyndham Hotel Management, Inc. d/b/a Ramada Inn, Wyndham Hotels & Resorts, Inc. d/b/a Ramada Inn, Wyndham Hotels and Resorts LLC d/b/a Ramada Inn, Wyndham Worldwide Corporation,

Case ID: 200102954

Wyndham Hotel Group, LLC 4200 Roosevelt LLC and 4200 Roosevelt LLC d/b/a Days Inn, 4200 Rose Hospitality LLC and 4200 Rose Hospitality LLC d/b/a Days Inn, Days Inn, Days Inn by Wyndham d/b/a Days Inn, Wyndham Hotel Company d/b/a Days Inn, Wyndham Hotel Management Inc. d/b/a Days Inn, Wyndham Hotels & Resorts, Inc. d/b/a Days Inn, Wyndham Hotels and Resorts LLC d/b/a Days Inn, and Surati Management Group, and demands compensatory and punitive damages in excess of Fifty Thousand ($50,000.00) Dollars exclusive of prejudgment interest, costs and damages for pre-judgment delay.

<div style="margin-left:2em">

*Respectfully Submitted,*

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.


BY:   */s/ Robert J. Mongeluzzi*
      ROBERT J. MONGELUZZI
      ARA RICHARD AVRIGIAN
      K. ANDREW HEINOLD
      *Attorneys for Plaintiff*

</div>

Case ID: 200102954

## <u>VERIFICATION</u>

The averments or denials of fact contained in the foregoing document are true based upon the signer's personal knowledge or information and belief.  If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true.  This Verification is made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

DATE: 1/23/2020

_____
A.H.

Case ID: 200102954

# **<u>EXHIBIT 2</u>**

POST & SCHELL, P.C.

BY:  CHARLES W. SPITZ, ESQUIRE

E-MAIL: cspitz@postschell.com

I.D. # 81192

JOEL H. FEIGENBAUM, ESQUIRE

E-MAIL: jfeigenbaum@postschell.com

I.D. # 315866

FOUR PENN CENTER, 13TH FLOOR

1600 JOHN F. KENNEDY BLVD.

PHILADELPHIA, PA  19103-2808

215-587-1000

Attorneys for DEFENDANTS,
4200 ROOSEVELT LLC d/b/a DAYS INN,
4200 ROSE HOSPITALITY LLC d/b/a
DAYS INN and DAYS INN

---

A.H. c/o SALTZ, MONGELUZZI, BARRETT &
BENDESKY, P.C.,

Plaintiff,

v.

ROOSEVELT INN, LLC d/b/a ROOSEVELT INN;
4200 ROOSEVELT LLC d/b/a DAYS INN; 4200
ROSE HOSPITALITY LLC d/b/a DAYS INN; DAYS
INN, et al,

Defendants.

IN THE COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

JANUARY TERM, 2020

No. 2954

---

## DEFENDANTS, 4200 ROOSEVELT LLC, 4200 ROSE HOSPITALITY LLC D/B/A DAYS INN, AND DAYS INN ANSWER NEW MATTER CROSS CLAIM OF DEFENDANT, EIGHTY EIGHT, L.P.

Defendants, 4200 Roosevelt LLC, 4200 Rose Hospitality LLC d/b/a Days Inn, and Days

Inn (collectively "the Days Inn" or "Answering Defendants"), by and through their attorneys, Post

& Schell, P.C., hereby Answers the New Matter Cross Claims of Defendant, Eighty-Eight, L.P.,

as follows:

### NEW MATTER/CROSS-CLAIMS
### COUNT I

1.      The Days Inn incorporates its Answer to Plaintiff's Complaint and New Matter as

if the same were set forth fully at length herein.

2-3.      Denied and deemed to be at issue pursuant to Pa.R.C.P. 1029(e).  To the extent that

a response may be required, to the extent that these allegations state or imply that Answering

Defendants were negligent, careless or reckless, said allegations are specifically denied.  To the contrary, Answering Defendants acted in accordance with the appropriate standard of care.  All allegations of causation, damages, indemnity, and contribution are denied.

**WHEREFORE,** Defendants, 4200 Roosevelt LLC, 4200 Rose Hospitality LLC d/b/a Days Inn, and Days Inn, demands judgment in its favor and against all other parties together with their costs of defense, including attorneys' fees and any other relief deemed appropriate by the Court.

### NEW MATTER/CROSS-CLAIMS
### COUNT II

4.      The Days Inn incorporates its Answer to Plaintiff's Complaint and New Matter as if the same were set forth fully at length herein.

5-6.      Denied and deemed to be at issue pursuant to Pa.R.C.P. 1029(e).  To the extent that a response may be required, to the extent that these allegations state or imply that Answering Defendants were negligent, careless or reckless, said allegations are specifically denied.  To the contrary, Answering Defendants acted in accordance with the appropriate standard of care.  All allegations of causation, damages, indemnity, and contribution are denied.

**WHEREFORE,** Defendants, 4200 Roosevelt LLC, 4200 Rose Hospitality LLC d/b/a Days Inn, and Days Inn, demands judgment in its favor and against all other parties together with their costs of defense, including attorneys' fees and any other relief deemed appropriate by the Court.

22351141v1

POST & SCHELL, P.C.


By: _____

DATED: July 1, 2021

CHARLES W. SPITZ, ESQUIRE
JOEL H. FEIGENBAUM, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
4200 Roosevelt LLC d/b/a Days Inn, 4200
Rose Hospitality LLC d/b/a Days Inn and
Days Inn

3

**<u>CERTIFICATE OF SERVICE</u>**

JOEL H. FEIGENBAUM, ESQUIRE hereby states that a true and correct copy of the foregoing Answer to New Matter Cross Claim to be electronically filed with the Court and served electronically by the Court upon counsel of record.

**POST & SCHELL, P.C.**

By: _____

DATED: July 1, 2021

CHARLES W. SPITZ, ESQUIRE
JOEL H. FEIGENBAUM, ESQUIRE
ATTORNEYS FOR DEFENDANTS,
4200 Roosevelt LLC d/b/a Days Inn, 4200
Rose Hospitality LLC d/b/a Days Inn and
Days Inn

4

22351141v1